IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARIA D. RUIZ,

    **Plaintiff,**

v.

                                                                                        No. 1:24-cv-00019 JCH/JFR

ROCKET MORTGAGE,

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on *Defendant Rocket Mortgage, LLC's Motion to Dismiss* (ECF No. 4). Pro se Plaintiff, Maria D. Ruiz, did not respond to the Motion to Dismiss. In her Complaint she contends that Defendant, Rocket Mortgage, LLC, ("Rocket Mortgage") violated the Fair Credit Reporting Act ("FCRA") and the Fair Credit Billing Act ("FCBA") when it reported a late payment on her mortgage loan to credit bureaus. Because Ms. Ruiz fails to allege the necessary facts for the elements of a cause of action under the FCRA, and because the FCBA does not apply to the mortgage loan in question here, the Court will grant the motion without prejudice as to the claim under the FCRA and will grant the motion with prejudice as to the claim under the FCBA.

    **I.    FACTUAL AND PROCEDURAL BACKGROUND**

In January 2018, Plaintiff obtained a residential mortgage loan from Rocket Mortgage. *See* Compl., ECF No. 1-1 at 4-6; Def.'s Req. for Judicial Notice in Support of its Mot. to Dismiss, Exs. A & B, ECF No. 5.[1] Plaintiff alleges that on August 1, 2023, Rocket Mortgage notified unidentified

---

[1] Defendant asks that the Court take judicial notice of the exhibits it filed in connection with its Motion to Dismiss, specifically the mortgage instrument (Exhibit A) and promissory note (Exhibit B) referenced in Plaintiff's Complaint. On a Rule 12(b)(6) motion to dismiss, facts must come from the complaint alone. *See Brokers' Choice of*

credit bureaus of a late payment of $0.61 on her mortgage loan. *See* Compl., ECF No. 1-1 at 4-6. She asserts that this report negatively impacted her credit score and her ability to receive future credit and financing. *Id.* at 5. Plaintiff admits that she received notice from Rocket Mortgage in June 2023 that she was short on her payments in the amount of $1,583.61 but notes that she promptly paid that amount and more to ensure that there was enough money on the account to cover additional charges. *See id.*

Plaintiff filed her Complaint in Bernalillo County Metropolitan Court on December 4, 2023, and Rocket Mortgage removed the action to this Court on January 4, 2024. *Id.* at 4; Notice of Removal 1, ECF No. 1.

## II.   STANDARD

A court may dismiss an action if a complaint fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). For a complaint to survive a motion to dismiss, it "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 663 (citing *Bell Atl. Corp.*

---

*Am., Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1135 (10th Cir. 2014). If parties present matters outside the pleadings, and these matters are not excluded by the court, then a court must convert the motion into one for summary judgment. Fed. R. Civ. P. 12(d). The court has broad discretion to accept or reject materials beyond the pleadings. *See Lowe v. Town of Fairland*, 143 F.3d 1378, 1381 (10th Cir. 1998). But the court need not convert the motion to one for summary judgment if the court considers matters of which a court may take judicial notice or documents that are referred to in the complaint, indisputably authentic, and central to the plaintiff's claim. *See Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007). In the Complaint, Plaintiff refers to the mortgage instrument by its loan number, which matches the loan number on the copy of the mortgage instrument and the promissory note provided by Defendant. *See* Compl., ECF No. 1-1 at 4-5; Def.'s Req. for Judicial Notice in Support of its Mot. to Dismiss, Exs. A & B, ECF No. 5. Further, both the copy of the mortgage instrument and the promissory note identify Plaintiff by name. *See* Def.'s Req. for Judicial Notice in Support of its Mot. to Dismiss, Exs. A & B. Although the mortgage instrument lists Quicken Loans Inc. as the lender, the Plaintiff asserts that Rocket Mortgage is the lender and Rocket Mortgage does not dispute this. *See id.*; Compl., ECF No. 1-1 at 4-6. Thus, the Court finds that these documents are referred to in the Complaint, indisputably authentic, and central to the Plaintiff's claim and will take judicial notice of the exhibits without converting the Motion to one for summary judgment.


*v. Twombly*, 550 U.S. 554, 556 (1955)). "Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). !

A court must accept as true "all well-pleaded *facts*, as distinguished from conclusory allegations." *Adams v. C3 Pipeline Constr. Inc.*, 30 F.4th 943, 972 (10th Cir. 2021) (quoting *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1105 (10th Cir. 2017)). This pleading standard requires more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft*, 556 U.S. at 678. After disregarding conclusory allegations, a court will "look to the remaining factual allegations to see whether Plaintiffs have stated a plausible claim." *Matney v. Barrick Gold of North Am.*, 80 F.4th 1136, 1145 (10th Cir. 2023) (quoting *Brooks v. Mentor Worldwide, LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021)). In sum, dismissal under Rule 12(b)(6) is appropriate if the pleaded "factual allegations [are not] enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (1955).

This Court construes the pleadings of a pro se litigant liberally "and holds them to a less stringent standard than [that applied to] formal pleadings drafted by lawyers." *Garcia v. Cole*, 428 F.Supp.3d 644, 649 (D.N.M. 2019) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). However, a pro se litigant "must follow the same rules of procedure that govern other litigants." *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992). Further, the Court will not "assume the role of advocate for the pro se litigant." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

### III.   DISCUSSION

### a. FCRA Claim

"Congress enacted [the] FCRA in 1970 to ensure fair and accurate credit reporting" and to provide consumers with a mechanism to challenge and correct disputed information. *Fishback v. HSBC Retail Servs. Inc.*, 944 F. Supp. 2d 1098, 1107 (D.N.M. 2013) (quoting *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007)). It brought furnishers of information[2] ("furnishers") under its provisions by imposing a duty on furnishers to accurately report consumer information to credit reporting agencies ("CRAs"). *See* 15 U.S.C. § 1681s–2(a). However, Congress did not provide consumers with a private right of action to enforce Section 1681s–2(a) as it was wary of exposing furnishers to "suit by any and every consumer dissatisfied with the credit information furnished." *Sanders v. Mountain Am. Fed. Credit Union*, 689 F.3d 1138, 1147 (10th Cir. 2012) (quoting *Nelson v. Chase Manhattan Mortg. Corp.*, 282 F.3d 1057, 1060 (9th Cir. 2002)). But it did not leave consumers without recourse to address a furnisher's inaccurate reporting; consumers can enforce the duty of accurate reporting by bringing a dispute through the FCRA's dispute process. *See id.*; 15 U.S.C. § 1681s–2(b). Section 1681s–2(b) outlines the process that CRAs and furnishers must follow when notified by a consumer of a dispute. *See* 15 U.S.C. § 1681s–2(b). A consumer can bring a private cause of action against a furnisher under the FCRA if a consumer believes a furnisher has failed to fulfill the duties outlined in Section 1681s–2(b) for investigating a consumer's dispute; it cannot bring a private a cause of action under Section 1681s–2(a) for a furnisher's generalized failure to accurately report information. *See Sanders*, 689 F.3d at 1147; *Fishback*, 944 F. Supp. 2d at 1107; *Nelson v. Chase Manhattan Mortg. Corp.*, 282 F.3d 1057, 1060 (9th Cir. 2002).

---

[2] "A furnisher of information is 'an entity which transmits information concerning a particular debt owed by a particular consumer to consumer reporting agencies.'" *Fishback*, 944 F. Supp. 2d at 1107 (quoting *Jarrett v. Bank of Am.*, 421 F. Supp. 2d. 1350, 1352 n.1 (D. Kan. 2006)).

Accordingly, this Court will focus on the FCRA's dispute process and elements required to be plead to bring a private cause of action under Section 1681s–2(b). In order to initiate the dispute process with CRAs and furnishers, a consumer must notify a CRA about the alleged inaccuracy on the consumer's credit report. *See* 15 U.S.C. § 1681i(a)(1). The CRA must then inform the furnisher of the allegedly inaccurate information about the dispute. *Id.* § 1681i(a)(2). It is at this point at which the furnisher's duties under Section 1681s–2(b) are triggered. *See Sanders*, 689 F.3d at 1147; *Fishback*, 944 F. Supp. 2d at 1107-08. The furnisher must then (1) review the disputed information and all relevant information provided by the CRA; (2) report the results of the investigation to the CRA; and (3) if the investigation finds that the information is incomplete or inaccurate, report those findings to all other CRAs it furnished information to. *See* 15 U.S.C. § 1681s–2(b); *DiMezza v. First USA Bank, Inc.*, 103 F. Supp. 2d 1296, 1299 (D.N.M. 2000).

As discussed above, a breach of these investigatory duties can expose the furnisher to liability. *See Sanders*, 689 F.3d at 1147. To bring an action claiming that a furnisher has breached these duties, a consumer must first allege that they informed a CRA about the inaccurate report, which kicks off the dispute process. *See Fishback*, 944 F. Supp. 2d at 1108. Otherwise, "the plaintiff did not sufficiently allege that the furnishers of the disputed information had a duty under 15 U.S.C. § 1681s–2(b)." *Id.* (citing *Sanders*, 689 F.3d at 1147). However, this Court has held that a plaintiff need not go one step further and allege that the CRA notified the *furnisher* of the dispute, as neither the CRA nor the furnisher is required to notify the consumer when the CRA notifies the furnisher of the dispute. *See id.* at 1112. Thus, without further discovery, the consumer might not know whether this notification occurred to include it in their complaint. *See id.*

Rocket Mortgage argues that Ms. Ruiz was required to allege in her Complaint that she had notified a CRA of her dispute with Rocket Mortgage and that a CRA sent notice of the dispute

to Rocket Mortgage. Further, Rocket Mortgage contends that Ms. Ruiz did not allege that it failed to reasonably reinvestigate her dispute or that it furnished inaccurate information regarding her loan to a CRA.

This Court agrees that Ms. Ruiz's Complaint is deficient because it does not allege that she notified a CRA of her dispute with Rocket Mortgage. As discussed, alleging notification to a CRA is essential to a claim under the FCRA to show that the furnisher of the disputed information had a duty under 15 U.S.C. § 1681s–2(b) to investigate the claim. *See Sanders*, 689 F.3d at 1147; *Fishback*, 944 F. Supp. 2d at 1108. Without alleging this element, this Complaint does not survive the Motion to Dismiss.

Defendant also contends the Complaint fails to allege that Defendant furnished inaccurate information or failed to reasonably reinvestigate Plaintiff's dispute, an allegation required when bringing a claim under 15 U.S.C. § 1681s–2(b). This Court agrees. It is unclear from the Complaint whether Plaintiff is alleging that the $0.61 late payment Defendant reported was incorrect or merely unfair. Accordingly, the Complaint also fails to state a claim upon which relief can be granted for this reason.

Next, Defendant asserts that Plaintiff had to allege not only that she notified the CRA of the dispute but also that the CRA notified the furnisher. However, as previously discussed, Ms. Ruiz was not required to allege that the CRA sent notice of the dispute to Rocket Mortgage as Ms. Ruiz is not necessarily privy to that information without further discovery. *See Fishback*, 944 F. Supp. 2d at 1112 (holding it not necessary to allege that CRA notified furnisher of dispute to bring claim under FCRA). Only alleging notification to the CRA is necessary. *Id.* However, Ms. Ruiz's Complaint still does not survive the Motion to Dismiss because she did not allege that she had notified a CRA of the dispute and that the information Rocket Mortgage reported was inaccurate.

Finally, Defendant asserts that this claim should be dismissed with prejudice. However, this Court is not convinced that any proposed amendment to the Complaint would be futile and will dismiss this claim without prejudice.

      b. **FCBA Claim**

Congress enacted the FCBA with the goal of protecting consumers against unfair and inaccurate billing and credit card practices by providing an orderly procedure for identifying and resolving disputes between consumers and creditors. *See Gray v. Am. Exp. Co.*, 743 F.2d 10, 14 (D.D.C. 1984); 47 C.J.S. *Interest & Usury* § 550 (2023). The FCBA gives consumers the right to request that a creditor correct a billing error after providing proper written notice to the creditor. *See* 15 U.S.C. §§ 1666(a), 1637(b)(11); 47 C.J.S. *Interest & Usury* § 550. However, the FCBA only applies to open-end credit plans like credit cards, not closed-end credit transactions like mortgage loans. *See Bailey v. Capitol Motors, Inc.*, 513 A.2d 912, 914 (Md. 1986) (concluding that FCBA only applies to open-end credit plans based on legislative history of FCBA and subsequent regulations); *LaPrade v. Abramson*, No. 97-10, 2006 WL 3469532, at *11 (D.D.C. Nov. 29, 2006) (same); *Stroman v. Bank of Am. Corp.*, 852 F. Supp. 2d 1366, 1374 (N.D. Ga. 2012); *Gresham v. Ocwen Loan Servicing, LLC*, No. 17-203, 2018 WL 6599901, at *5 (Del. D.C. Dec. 17 2018); 47 C.J.S. *Interest & Usury* § 550. Plaintiff's residential mortgage loan is considered a closed-end credit plan. *See Stroman*, 852 F. Supp. 2d at 1374 ("The FCBA's protections do not extend to closed-end credit, such as the mortgage loan at issue in this case."). Therefore, the FCBA does not apply to Plaintiff's loan and her claim is dismissed with prejudice.

### IV. CONCLUSION

Plaintiff has failed to plead sufficient facts that state a claim to relief that is plausible on its face for her claims under both the FCRA and FCBA. And while this Court may hold the pleadings

of a pro se litigant to a less stringent standard than those drafted by lawyers, pro se litigants must still meet the fundamental requirements of the Federal Rules of Civil Procedure. *See Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994). Accordingly, the Court concludes the motion to dismiss should be granted.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that *Defendant Rocket Mortgage, LLC's Motion to Dismiss* **(ECF No. 4)** is **GRANTED** as follows:

(1) Plaintiff's claim under the FCRA is **DISMISSED WITHOUT PREJUDICE.**

(2) Plaintiff's claim under the FCBA is **DISMISSED WITH PREJUDICE.**

_____
SENIOR UNITED STATES DISTRICT JUDGE